IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SEAN R. SHOBE,

      Petitioner,

                            CIVIL ACTION
  vs.                       No. 10-3206-SAC

KAREN ROHLING, et al.,


      Respondents.


**MEMORANDUM AND ORDER**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, a prisoner at the Larned Correctional Mental Health Facility, proceeds pro se. Having examined the petition and reviewed court records, the court finds this is a successive application for habeas corpus relief.[1]

Petitioner commenced this action on October 27, 2010. Title I of the Antiterrorism and Effective Death Penalty Act (AEDPA) contains provisions directed to habeas corpus reform.

---

[1] Petitioner's first application for habeas corpus was filed on November 7, 2006, and was terminated on October 19, 2007. *Shobe v. McKune*, 2007 WL 3037551; *appeal dismissed*, 276 Fed. Appx. 854 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 420 (2008).

Among these provisions, the AEDPA provides that before a second or successive petition for habeas corpus may be filed in the district court, the applicant must move in the appropriate federal court of appeals for an order authorizing the federal district court to consider the petition. 28 U.S.C. §2244(b)(3)(A).

Because this is a successive application for habeas corpus relief, and because it does not appear petitioner sought the necessary authorization from the United States Court of Appeals for the Tenth Circuit before commencing this action, the court concludes this matter must be transferred to the Court of Appeals for consideration of whether such authorization is appropriate.

Finally, petitioner moves the court to construe his habeas petitioner a motion pursuant to Rule 60(b).

In considering such a motion, a habeas court must determine whether it is a successive petition for habeas corpus which requires prior authorization or is a true Rule 60(b) motion. This distinction turns on the "relief sought, not [the] pleading's title." *United States v. Nelson,* 465 F.3d 1145, 1149 (10th Cir. 2006). Here, the relief petitioner seeks appears to be relief from his enhanced sentence rather than any defect in earlier habeas corpus proceedings. *See Gonzalez v. Crosby,* 545

U.S. 524, 530-32 (2005). A challenge to the validity of a conviction or sentence must be presented in habeas corpus, while a motion under Rule 60(b) points to some defect in an earlier habeas proceeding. Here, the challenge to the validity of petitioner's enhanced sentence is essentially a request for relief in the nature of habeas corpus. The court therefore declines to construe the pleading as a motion under Rule 60(b).

IT IS, THEREFORE, BY THE COURT ORDERED that this matter is transferred to the United States Court of Appeals for the Tenth Circuit for its determination whether petitioner may proceed in this successive application for habeas corpus relief.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, subject to review in the Court of Appeals.

IT IS FURTHER ORDERED petitioner's motion to construe the habeas petition as a motion under Fed. R. Civ. P. 60(b) (Doc. 4) is denied.

The clerk of the court shall transmit copies of this order to petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 7th day of December, 2010.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge